**Pedro YONEMURA, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–75602.

United States Court of Appeals, Ninth Circuit.

Submitted May 15, 2006.*

Filed May 18, 2006.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**640**

Pedro Yonemura, Los Angeles, CA, pro se.

Beth S. Persky, Van Nuys, CA, for Petitioner.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mary Jane Candaux, Esq., Jennifer L. Lightbody, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM **

Pedro Yonemura, a native and citizen of Peru, petitions for review of the Board of Immigration Appeals' order summarily affirming, without opinion, an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence the IJ's factual determinations, *Gormley v. Ashcroft,* 364 F.3d 1172, 1176 (9th Cir.2004), and we deny the petition for review.

Substantial evidence supports the IJ's determination that Yonemura failed to establish eligibility for asylum. Yonemura, a businessman of Japanese descent, testified that he received threatening phone calls from the Shining Path demanding that he pay protection money. Yonemura also testified that after he refused to pay the money, the Shining Path exploded a bomb at his place of business. Neither his testimony, nor any other evidence in the record, compels the conclusion that these criminal acts occurred, even in part, on account of political opinion, social group, ethnicity, or any other protected ground. *See id.* at 1177 (upholding agency determination where petitioner presented no evidence that the perpetrators victimized him on account of a protected ground, rather than because he carried a cell phone and watch); *cf. Gonzales–Neyra v. INS,* 122 F.3d 1293, 1296 (9th Cir.1997) (holding that initial extortion demands were not dispositive and motivation for persecution became political after petitioner told persecutors he disagreed with their political views). Furthermore, no other evidence compels the conclusion that Yonemura will be victimized in Peru in the future, by the Shining Path or criminals, on account of a protected ground, rather than because of his perceived wealth. *See Gormley,* 364 F.3d at 1177.

Because Yonemura failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1180.

Yonemura also failed to establish eligibility for CAT relief because he did not show it was more likely than not that he would be tortured by authorities or individuals acting in an official capacity if he returned to Peru. *See* 8 C.F.R. § 208.16(c)(2).

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.